

From:  
Raj Singh, P.O. Box 162783, Sacramento, CA 95816

JAN 11 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN AND FOR EASTERN DISTRICT OF CALIFORNIA

Raj Singh, Plaintiff )  Case No:
v. )  Complaint for Damages
City of Placerville, Samuel Emerson, )
Mark S. Adams, Defendants )

2:23 CV 0054 - DAD KJN PS

**AS STATED HERE, DEFENDANTS CAUSED KILLINGS, SUICIDES AND TERROR ALSO AMONG MINORITIES. DEFENDANTS ROBBED MINORITIES AND CAUSED BREAKDOWN OF THE STATE JUDICIAL SYSTEM. Allee v. Medrano (1974) 416 US 802 EXPLAINS HOW BAD PROSECUTORS AFFECT JUSTICE UNCONSITITUTIONALLY:**

A state court is presumed to be capable of fulfilling its "solemn responsibility . . . 'to guard, enforce, and protect every right granted or secured by the Constitution of the United States . . . .' Robb v. Connolly, 111 U. S. 624, 637 (1884)." Steffel v. Thompson, 415 U. S., at 460-461. Yet a state court cannot effectively fulfill its responsibility when the prosecutorial authorities take deliberate action, in bad faith, unfairly to deprive a person of a reasonable and adequate opportunity to make application in the state courts for vindication of his constitutional rights. When such an individual, deprived of meaningful access to the state courts, faces irreparable injury to constitutional rights of great and immediate magnitude, either in the immediate suit or in the substantial likelihood of "repeated prosecutions to which he will be subjected," Younger v. Harris, 401 U. S., at 49, and the injury demands prompt relief, federal courts are not prevented by considerations of comity from granting the extraordinary remedy of interference in pending state criminal prosecutions.

A breakdown of the state judicial system which would allow federal intervention was the allegation of appellants in Dombrowski v. Pfister, 380 U. S. 479 (1965). In that case appellants had offered to prove, inter alia, that the state prosecutor was holding public hearings at which were being used photostatic copies of illegally seized evidence, which evidence had already been ordered suppressed by a state court. It was alleged further that the prosecutor was threatening to use other copies of the illegally seized documents before the grand jury to obtain indictments. If proved, the allegations in Dombrowski made out a clear case of a breakdown in the checks and balances in the state criminal justice system. The courts had lost control of a prosecutor embarked on an alleged campaign of harassment of appellants, designed to discourage the exercise of their constitutional rights. Under such circumstances federal intervention would be authorized.

**ACTIONABLE AND ILLEGAL ACTS OF PLACERVILLE CITY ATTORNEY ("CITY ATTORNEY")**
**THE STATE AND FEDERAL SUPREME COURTS STATED THAT PROSECUTORS SHOULD BE NEUTRAL (PEOPLE EX REL. CLANCY V. SUPERIOR COURT (1985) 39 CAL.3D 740). BUT, CITY ATTORNEY PROSECUTED MINORITIES FOR THE ACTS OF OTHERS ILLEGALLY FOR LIFE INPRISONMENT FOR FALSE AND FABRICATED CHARGES BASED ON "FALSE AND FABRICATED TESTIMONIES ONLY" AFTER ROBBING THE EVIDENCE AND DOCUMENTS ILLEGALLY AND AFTER DEMOLISHING OR TAKING PROPERTIES.**
***Thus, Placerville City Attorney terrorized minorities.***
**THE JUDGES AND JUSTICES CONSIDERED THIS GROSSLY ILLEGAL AND CRIMINAL.**
**THE PUBLIC HAS SPOKEN TOO AGAINST THIS BY ELECTING MINORITIES TO POSITIONS OF DISTRICT ATTORNEY, ATTORNEY GENERAL AND ELECTED MEMBERS FOR THE CITY OF PLACERVILLE.**

Placerville City Attorney prosecuted minorities for Non-Criminal, false and fabricated Charges for Life Imprisonment based on "False and fabricated testimonies only" after taking or demolishing related properties. Such conclusion was drawn by the media and watchdogs also. For decades, Raj Singh AKA Raghvndra Singh ("Singh") opposed for such Illegal Prosecutions.

**A RELEIF IS NECESSARY IN ORDER TO RESTORE PUBLIC TRUST AND CONFIDENCE.**
THE FOLLOWING "NEVER HAPPENED BEFORE" AND "OUTSIDE THE DUTIES OF PROSECUTORS" FACTS OF THIS CASE SUPPORT STATED CLAIMS. DURING TRIAL, THE PROSECUTOR ADMITTED THESE FACTS.
Minorities invested millions to make sure that Elected Officials are minorities also.
IN OTHER WORDS, THE PUBLIC HAVE SPOKEN THAT CITY ATTORNEY SHOULD NOT HAVE ANY POWER.

### The City and City Attorney, Samuel Emerson, terrorized minorities by

prosecuting them for non-criminal, false and fabricated charges for life imprisonment based on "False and fabricated testimonies only". People v. Parmar (2001) 86 Cal.App.4th 781 is an example. Parmar was prosecuted for 250 misdemeanors [or Life imprisonment] for the nuisance created by others after the County demolished Parmar's properties. **ANY PUNISHMENT BASED ON THE ACTS OF OTHERS IS ILLEGAL, PARTICULARLY BASED ON "FALSE AND FABRICATED TESTIMONIES ONLY". NO DEMOCRACY CAN SURVIVE IF SUCH PUNISHMENT IS THE LIFE IMPRISONMENT. BECAUSE OF CITY ATTORNEYS' TERROR, MANY PERSONS COMMITTED SUICIDES. "NO ONE WANTS TO GO BEHIND BARS FOREVER FOR THE NUISANCE CREATED BY OTHERS. "IN RELATED 30 CASES, SINGH'S WIFE GOT THE RULINGS THAT A OWNER IS NOT RESPONSIBLE FOR THE NUISNACE CREATED BY TENANTS AND/OR OTHERS. THE LEADING AUTHORITIES ALSO SUPPORT THIS."**

In 2019-2020, City Attorney took the properties of Singh without informing and serving Singh. There was no reason to do so because there was no citation for the properties. Mark S. Adams was the receiver selected by City Attorney. **A RECEIVER IS APPOINTED TO ABATE CITED DEFECTS ONLY AFTER GIVING A NOTICE TO ALL INTERESTED PARTIES INCLUDING TENANTS** (See California Health and Safety Code sections 17980-17980.9). Still, Singh was not even informed. Clearly, Such acts are illegal and unconstitutional too. To the contrary, the State and Federal Supreme Courts stated that prosecutors should be neutral (People ex rel. Clancy v. Superior Court (1985) 39 Cal.3d 740). **SO, NO PROSECUTOR SHOULD DO THE STATED ACTS. TAKING PROPERTY JUST FOR SALE TO OTHER PRIVATE PARTY IS GROSSLY ILLEGAL, UNCONSTITUTIONAL AND "BEYOND THE JURISDICTION OF CITY ATTORNEY".**

In County of Sacramento v. Singh (Sacramento Superior Court Case No. 34-2013-00145898), the County requested Receiver was ordered to move the occupants but he did not do so. As a result, the properties were burned down and occupants were killed. **Soldal v. Cook County (1992) 506 US 56 allows Civil Rights action by the Tenants also. All this shows that defendants were well aware of misuse, killings and destroying properties by the receivers. DEFENDANTS DID NOTHING EXCEPT SELLING THE PROPERTY BUT CHARGED EXTRAORDINARY AMOUNT OF MONEY. SINGH EVICTED THE TENANTS WHO WERE ALLEGED TO CREAT NUISANCE. IN RELATED 30 LAWSUITS, SINGH'S WIFE GOT THE RULINGS THAT THE OWNER IS NOT LIABLE TO THE NUISANCE CREATED BY TENANTS OR OTHERS.**

Under the leadership of City Attorney, the City of Placerville adopted stated grossly illegal and unconstitutional practices, customs and policies which are contrary to the public policies also. So, please allow this action to restore the public trust and public faith also. Singh does not know the names of other Defendants.

Singh prays for the following:
1. Compensatory and Punitive Damages more than $100,000,000.
2. Attorney's fees and Costs.
3. Other relief as the Court provides.

Submitted Respectfully

RAJ SINGH

(Raj Singh)