1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAGHVENDRA SINGH,                          No.  2:23–cv–54–DAD–KJN PS

12                  Plaintiff,                   ORDER GRANTING IFP REQUEST AND
                                                 FINDINGS AND RECOMMENDATIONS TO
13          v.                                   DISMISS

14   CITY OF PLACERVILLE, et al.,                (ECF No. 2.)

15                  Defendants.

16

17          Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in

18   forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of

19   an action "without prepayment of fees or security" by a person who is unable to pay such fees).

20   Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

21          However, the determination that a plaintiff may proceed without payment of fees does not

22   complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any

23   claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or

24   seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal

25   court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United

26   Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

27
     _____
28   [1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to
     E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

                                                    1

1     **Legal Standards**

2       **i.**      **Subject Matter Jurisdiction**

3       The court must dismiss a case if, at any time, it determines that it lacks subject matter

4 jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a

5 civil action when: (1) a federal question is presented in an action "arising under the Constitution,

6 laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the

7 amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff

8 must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that

9 may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020). Under the

10 well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented

11 on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S.

12 386, 392 (1987).

13       **ii.**      **Failure to State a Claim**

14       A claim may be dismissed because of the plaintiff's "failure to state a claim upon which

15 relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a

16 cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix,

17 Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a

18 complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic

19 recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

20 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action,

21 supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678

22 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a

23 claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff

24 pleads factual content that allows the court to draw the reasonable inference that the defendant is

25 liable for the misconduct alleged." Id.

26 ///

27

28     [2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

1    When considering whether a complaint states a claim upon which relief can be granted,

2    the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S.

3    89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan

4    v. Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true

5    "conclusory [factual] allegations that are contradicted by documents referred to in the complaint,"

6    or "legal conclusions merely because they are cast in the form of factual allegations."  Paulsen v.

7    CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

8    **iii.    Filings by Litigants Proceeding Without Counsel**

9    Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 & n.7

10   (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is

11   to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it

12   appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d 1122, 1130-31

13   (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be

14   given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

15   **Analysis**

16   Here, plaintiff's complaint consists of a two page narrative that is lacking in facts and

17   consists mostly of conclusory assertions.  As best the court can tell, plaintiff appears to request

18   this court intervene in some unknown number of state-court criminal cases.  Plaintiff states that

19   defendants' actions via the state court system affect minority populations in that convictions are

20   entered based on alleged false testimony.  It is unclear if plaintiff includes himself in this

21   category, but the court is aware that plaintiff was previously convicted of criminal offenses.  See,

22   e.g., Raghvendra Singh v C. Pfeiffer, 2:21-cv-1731-TLN-JDP (plaintiff's habeas corpus action

23   challenging his conviction under Cal. Pen. Code. § 115 for forgery, wherein he argued a lack of

24   evidence).  It is unclear what source of law plaintiff relies on in the current complaint, though he

25   checks "federal question" and "other civil rights" on the civil cover sheet.  Plaintiff seeks $100

26   million in damages, among other relief.  (See ECF No. 1.)

27   There are multiple issues with the complaint.  First, as plaintiff is well aware (because the

28   court has informed him of this on multiple occasions), he has no standing to assert any claim on

3

1    behalf of other persons.  Harrison, 971 F.3d at 1073 (noting that an injury to the plaintiff is a core

2    component of Article III standing); see also, e.g., Hawai'i by Off. of Consumer Prot. v. Stone,

3    2019 WL 5058910, at *7 (D. Haw. Oct. 8, 2019) (reminding that pro se plaintiff "does not have

4    standing to assert claims on behalf of third-parties").

5          Second, though plaintiff checked the "other civil rights" box on the cover sheet, it is

6    unclear what civil rights he intends to assert.  Thus, the complaint fails to state a claim.  Mollett,

7    795 F.3d at 1065 (noting that a complaint fails to state a claim if it either lacks a cognizable legal

8    theory or sufficient facts to allege a cognizable legal theory).

9          Third, to the extent plaintiff is attempting to bring a civil action for violation of his civil

10   rights because plaintiff was prosecuted and imprisoned, absolute prosecutorial immunity applies

11   for any action taken within the scope of a prosecutor's adjudicatory duties, including filing

12   charges, initiating prosecution or any conduct integral to the judicial phase of the criminal

13   process.  Imbler v. Pachtman, 424 U.S. 409, 421-24 (1976).

14         Fourth and finally, to the extent the complaint intends to allege violations of various

15   provisions of state criminal law (like plaintiff's allegations that defendants are committing

16   murders), private citizens have no right to sue for violations of the criminal code.  See Allen v.

17   Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for

18   violation of criminal statutes).

19         Ordinarily, the court liberally grants a pro se plaintiff leave to amend.  However, the

20   record here shows that plaintiff would be unable to cure the above-mentioned deficiencies

21   through further amendment of the complaint.  This is true because, even if plaintiff were to

22   identify which Amendment was at issue in a civil rights claim, and even if the complaint focused

23   solely on defendants' actions against plaintiff himself, it appears plaintiff is attempting to

24   challenge a prior conviction in this civil action.  Plaintiff continually focuses on defendants'

25   alleged use of false evidence to obtain convictions.  Dissatisfaction with the results of a criminal

26   case requires an appeal within that case or the filing of a habeas action, not a filing of a Section

27   1983 claim.  See, e.g., Cts. v. United States Dist. Ct. for the E. Dist., 2017 WL 931884, at *2

28   (E.D. Cal. Mar. 9, 2017) (reminding that challenges to the constitutionality of a conviction

1 "cannot be raised by way of a section 1983 complaint" but must be raised in habeas). Thus, the

2 court concludes that granting leave to amend would be futile. Cahill, 80 F.3d at 339.

### ORDER AND RECOMMENDATIONS

4     Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application is GRANTED.

5 Further, it is RECOMMENDED that:

6     1. The action be DISMISSED WITH PREJUDICE; and

7     2. The Clerk of Court be directed to CLOSE this case.

8 These findings and recommendations are submitted to the United States District Judge assigned to

9 the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after

10 being served with these findings and recommendations, plaintiff may file written objections with

11 the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and

12 Recommendations." Plaintiff is advised that failure to file objections within the specified time

13 may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455

14 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

15 Dated: March 20, 2023

16

17 KENDALL J. NEWMAN
  UNITED STATES MAGISTRATE JUDGE

sing.54

18

19

20

21

22

23

24

25

26

27

28